**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE  NO. 4:09-CR-94 |
| | § | Judge Crone |
| RICKY GOLDSMITH | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant's Motion to Suppress Evidence and Statements (Dkt. #18).  Having considered the relevant pleadings, and argument and testimony given at the October 13, 2009 hearing, the Court is of the opinion that Defendant's motion should be denied.

**BACKGROUND**

Defendant is charged with Possession of a Firearm by a Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Defendant seeks to suppress the discovery of a 9mm handgun.

The Government offered the testimony of Officer Jeremy Jones ("Jones") of the Sherman, Texas, Police Department.  Jones testified that on January 22, 2009, he and other officers were dispatched to a Kroger grocery store parking lot.  The dispatch was in response to a caller that reported a  Hispanic male was waiving a handgun in the Kroger parking lot.  Dispatch informed Jones that this individual was driving a maroon Honda Accord, bearing Texas license plate number 315-ZJG.  On his way to the Kroger store, Jones received another dispatch stating that, according to the caller, the suspect was now in the parking lot of the nearby Blockbuster Video store.

A second call informed officers that the individual was a bald, Hispanic male wearing a blue shirt and black pants.[1]  Before locating Defendant's vehicle, one of the officers spoke to the caller,

---

[1]  The Court reviewed recordings of the 911 calls and radio dispatches to officers.  This evidence was admitted after the hearing through the Government's Motion to Introduce Additional Evidence granted on October

who pointed across the parking lot at Defendant's vehicle stating "that guy over there" is the individual waiving a gun.[2]

Jones located the maroon Honda Accord in the Blockbuster Video parking lot approximately four minutes after receiving the original dispatch. Two patrol vehicles approached the vehicle from the north while Jones approached in his patrol vehicle from the south. Jones approached the vehicle on foot with his gun drawn, and the vehicle pulled forward into a parking space. Jones and the other officers blocked the vehicle into the parking space with their vehicles. The officers removed Defendant from the vehicle, handcuffed him, and detained him.

Jones testified that Defendant was "frisked" by Officer Stevens ("Stevens") of the Sherman, Texas, Police Department and no weapon was found. Defendant was asked if he was carrying a gun and he said he was not. Jones and Corporal Gibson ("Gibson") of the Sherman, Texas, Police Department searched the passenger compartment of the vehicle for weapons, but found none. After Jones and Gibson searched the passenger compartment, Gibson retrieved the keys to the vehicle and Jones and Gibson opened the trunk of the vehicle. The officers found a 9mm Beretta pistol in the trunk of the vehicle beneath a pile of clothing. At this time Defendant was placed under arrest. Defendant told the officers that he was carrying a small amount of marijuana.

Jones testified that Defendant was not free to leave while officers searched his vehicle. According to Jones, he and the other officers felt that they needed to detain Defendant until they determined if a gun was present in the vehicle. Jones believed that there was probable cause to detain Defendant for suspicion of aggravated assault with a deadly weapon and to subsequently

19, 2009.

[2] *Id*.

search Defendant's vehicle. Jones testified that he considered the caller to be reliable because the description given of Defendant's general physical appearance and the make, model, and license plate number of the vehicle was specific and detailed. Further, Jones considered the caller reliable because she provided her name and continued to update law enforcement on Defendant's location.

## ANALYSIS

Defendant argues that the search of his vehicle without a warrant was made without probable cause in violation his Fourth Amendment rights, making the evidence obtained during the search inadmissible as a matter of law. Defendant also asserts that his alleged statements given subsequent to the arrest should be suppressed as they were the result of the illegal search of the vehicle. The Government responds that probable cause existed to believe that Defendant's vehicle contained evidence of criminal activity, making the search of the vehicle for that evidence lawful.

The Fourth Amendment ensures that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. The warrantless search of an area in which the Defendant has a privacy interest is per se unreasonable, unless the Government can show that an exception applies. *Katz v. United States*, 389 U.S. 347, 357 (1967). Fourth Amendment jurisprudence recognizes several warrant exceptions. The Supreme Court held that an officer may perform a warrantless search of a home incident to arrest, so long as the search is limited to the area within the arrestee's "immediate control," which means "the area from within which he might gain possession of a weapon or destructible evidence." *Chimel v. California*, 395 U.S. 752, 763 (1969). The Supreme Court applied the holding in *Chimel* to occupants of automobiles in *New York v. Belton*, 453 U.S. 454 (1981). The Court held that an officer who arrests "the occupant of an automobile...may, as a contemporaneous

incident of that arrest, search the passenger compartment of the automobile" and any containers found inside. *Id.* at 460.

In support of his motion to suppress evidence, Defendant relies upon the recent Supreme Court decision of *Arizona v. Gant*, 129 S.Ct. 1710 (2009). In *Gant*, officers arrested a driver for a suspended license, handcuffed him, and placed him in the back of a police car. Officers searched the interior of the car that the arrestee had exited, uncovering a gun and a bag of cocaine. *Id.* at 1714-16. In holding that this search violated the Fourth Amendment, the Supreme Court rejected a broad interpretation of *Belton* that would permit a search of the entire passenger compartment of a vehicle with no regard to whether the interior compartment was actually accessible to the arrestee at the time of the search. *Id.* at 1719. Instead, the warrant exception described in *Chimel* only applies to an officer "search[ing] a vehicle incident to a recent occupant's arrest...when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search." *Id.* The Court noted that under this rule, "it will be the rare case in which an officer is unable to fully effectuate an arrest so that a real possibility of access to the arrestee's vehicle remains." *Id.* at 1719 n. 4 (citation omitted).

Defendant argues that, under *Gant*, the search incident to arrest exception did not validate a warrantless search during and after he was detained by law enforcement. Defendant bases this argument on the fact that, during the search of his vehicle, he was detained and had no access to his vehicle or its contents. According to the testimony provided at the motion hearing, Defendant was handcuffed and several officers were on the scene when the search of his vehicle took place. The Court agrees with Defendant that following the reasoning in *Gant*, a reasonable officer could not consider Defendant capable of accessing his vehicle at the time the search was conducted, which

would not validate a warrantless search. However, the Supreme Court's decision in *United States v. Ross*, 456 U.S. 798 (1982), not *Gant*, is the controlling authority in this case.

While *Gant* limits the search incident to arrest exception, *Gant* also affirmed the viability of the probable cause exception for automobiles. *Id*. at 1719. When searching a vehicle without a warrant, "a search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not been actually obtained." *United States v. Ross*, 456 U.S. at 809. "An individual's expectation of privacy in a vehicle and its contents may not survive if probable cause is given to believe that the vehicle is transporting contraband." *Id*. at 823. "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *Id*. at 825. In *Gant*, the Supreme Court notes that "*Ross* allows searches for evidence relevant to offenses other than the offense of arrest, and the scope of the search authorized is broader." *Gant*, 129 S.Ct. at 1721. Therefore, if the law enforcement officers had probable cause, then Defendant's motion to suppress should be denied.

Probable cause is defined as "whether at that moment the arrest was made, the officers had...facts and circumstances within their knowledge and of which they had reasonably trustworthy information that was sufficient to warrant a prudent man in believing that [Defendant] had committed or was committing an offense." *Charles v. Smith*, 894 F.2d 718, 723 (5th Cir. 1990) (quoting *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964)). "The existence of probable cause is determined by reviewing the totality of the circumstances." *United States v. Antone*, 753 F.2d 1301, 1304 (5th Cir. 1985) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

The Court finds that the law enforcement officers had probable cause to detain Defendant and search Defendant's vehicle, including the trunk of the vehicle. The facts here are similar to the

facts in *Ross*, and the Court finds that the same reasoning allowing a legal search in that case allows the search of Defendant's vehicle. In *Ross*, the Supreme Court held that officers had probable cause to search the trunk of arrestee's vehicle without a warrant after they arrested him for dealing narcotics, because a reliable informant gave a detailed description of arrestee's narcotics sales and a detailed description of arrestee's vehicle which was used during the narcotics sales. *See Ross*, 456 U.S. at 800.

Here, the officers who participated in the stop and search of Defendant's vehicle had probable cause to believe that a firearm was in Defendant's vehicle. A review of the totality of the evidence indicates that the arresting officers received reliable information from a caller giving them "reasonably trustworthy information that was sufficient to warrant a prudent man in believing that [Defendant] had committed or was committing an offense" involving a firearm that was in Defendant's possession or located in Defendant's vehicle. *Charles v. Smith*, 894 F.2d at 723 (citations omitted). Officer Jones testified that he believed there to be probable cause to stop and search Defendant's vehicle because the call placed to the police was not anonymous and the caller continued to provide updates as to Defendant's location. Further, Jones stated that because the caller provided a detailed description of Defendant's vehicle, including the make, model, and the license plate number, the information was more reliable than an anonymous tip or a vague description of Defendant. Also, the caller described Defendant as a bald, Hispanic male, wearing a blue shirt and black pants, and pointed officers towards Defendant's vehicle. Therefore, the Court finds that because officers had probable cause to search Defendant's vehicle, Defendant's motion to suppress evidence should be denied.

**RECOMMENDATION**

The Court recommends that Defendant's Motion to Suppress should be DENIED.

Upon agreement of the parties, within five (5) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within five days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 12th day of November, 2009.**


AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE